OPINION
This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, Jeanne E. Hall, appeals from a final judgment of the Geauga County Court of Common Pleas denying her motion for payment of wages.
Appellant and appellee, Craig A. Hall, were granted a divorce on August 7, 2000. To assist in equitably dividing the marital property, the trial court appointed a receiver to operate Breaker's Billiards, Inc. ("Breaker's Billiards"), a business co-owned by the couple, until it could be liquidated. In doing so, the trial court granted the receiver the discretion to manage Breaker's Billiards and employ necessary personnel, including either party, in the business's continued operation and eventual sale.
Both parties agree that appellant conducted the day-to-day operations of Breaker's Billiards for a short period of time following the divorce. On November 29, 2000, however, appellee filed a motion to show cause asking the trial court to find appellant in contempt for her actions in operating Breaker's Billiards. Appellee claimed that appellant, among other things, had mismanaged the business and that her mismanagement had adversely affected Breaker's Billiards' financial standing. The receiver filed his own motion to show cause on December 21, 2000, on the grounds that appellant had not complied with the trial court's previous order to deliver "all documents and other information" concerning Breaker's Billiards, and that she had removed property from the premises without permission.
The trial court held a two-day hearing, at the beginning of which the receiver dismissed his motion to show cause. As for appellee's motion, the trial court found appellant guilty of contempt.
When appellant subsequently asked to be compensated for her work, the receiver informed appellant that he was not going to pay her because he believed that her operation of Breaker's Billiards had financially harmed the business. Appellant did not pursue the issue further at that time.
On May 18, 2001, the receiver filed an application asking the trial court to do the following: (1) ratify the payment of previously paid bills; (2) approve the payment of unpaid bills; (3) approve the sale of certain assets of Breaker's Billiards to appellee; and (4) approve the proposed distribution of $12,627.40 still held by the receiver. With respect to this last item, the receiver recommended that the remaining balance be transferred to appellee's attorney on the condition that the money be deposited in his IOLTA account and not distributed until a related lawsuit was settled. The trial court approved the receiver's application without objection on June 27, 2001.
Approximately three months later, appellant filed a motion for payment of wages with the trial court. Included with the motion was an affidavit in which appellant claimed to have either worked at or provided services to Breaker's Billiards from June 27, 2000 to January 2, 2001. In total, appellant maintained that she had worked 813 hours and was entitled to $7,064 in compensation.
Appellee filed a brief in opposition, arguing that appellant's failure to object to the receiver's application to ratify and approve the disposition of the receivership precluded her from now seeking compensation. Furthermore, appellee submitted that the receiver had already denied appellant's claim once before, and that she had failed to submit any additional evidence that would alter this earlier decision.
In an abbreviated judgment entry, the trial court denied appellant's motion for payment of wages. From this decision, appellant filed a timely notice of appeal with this court. After reviewing the June 27, 2001 order approving the receiver's application, however, we remanded the matter to the trial court so that the court could indicate whether it intended to terminate the receivership at that time. On June 20, 2002, the trial court issued a new judgment entry stating that until it obtained a report from the receiver that he had sold the remaining assets to appellee and that he had deposited the $12,627.40 still in the receiver's possession with appellee's attorney, "the receivership is not closed or terminated."
With this in mind, then, we conclude that the trial court's denial of appellant's motion for wages is interlocutory because it neither resolved all remaining issues, nor contained a finding of no just reason for delay. Furthermore, as the trial court has yet to terminate the receivership, there is no final appealable order in this case from which to appeal. Accordingly, appellant's assignment of error is premature at this time, and her appeal is, as a result, sua sponte dismissed.
DONALD R. FORD, P.J., ROBERT A. NADER, J., concur.